RICHARDS et al. v. HOWARD. (No. 6318.)

(Court of Civil Appeals of Texas. San Antonio. Jan. 14, 1920.)

1. MORTGAGES ⬩458—EVIDENCE OF NEGLIGENCE JUSTIFYING REFUSAL OF PERMISSION TO AMEND ANSWER IN FORECLOSURE AND INTRODUCE EVIDENCE.

Record evidence *held* to warrant finding that two defendants in suit on a note and to foreclose deed of trust, such defendants being attorneys at law, were negligent, not only in delaying presentation of their case until the trial term convened, and in relying on securing a setting to enable them to prepare it after court convened, but also in failing to attend court on notice the case would be tried, and in not seeking to amend their pleadings, and introduce their evidence until the last day of court, so that it was no abuse of discretion in declining to permit them to amend and introduce evidence.

2. JUDGMENT ⬩210—RENDITION ON LAST DAY OF TERM NOT FORBIDDEN BY RULE.

Where the trial was not concluded, and the case submitted to the court until the last day of the term, rule 66 for the district courts (142 S. W. xxii) did not apply, and judgment was properly rendered on the last day of the term.

Appeal from District Court, Guadalupe County; M. Kennon, Judge.

Suit by Mrs. J. D. Howard, executrix, against C. F. Richards, T. B. Monroe, and others. From a judgment for plaintiff, the named defendants appeal. Affirmed.

C. F. Richards, of Lockhart, and T. B. Monroe, of Austin, for appellants.

Wurzbach & Wirtz, of Seguin, for appellee.

MOURSUND, J. This is a suit by appellee upon promissory notes executed by Victor Hartenstein to J. D. Howard and to foreclose lien evidenced by a deed of trust executed by said Victor Hartenstein to secure the payment of such note; foreclosure being also sought as against Kate Hartenstein, C. F. Richards, and T. B. Monroe. This appeal was taken by Richards and Monroe from a judgment in favor of plaintiff.

It appears from the record that an answer was filed in behalf of appellants on November 16, 1918, consisting of a general denial, and a plea that they are the owners of the property against which plaintiff seeks to recover a judgment foreclosing a lien. The cause was continued for the term. The next term began on April 21, 1919, and the case was set for trial for the afternoon of April 22d, of which fact appellant Richards was notified by the clerk by telegram received by him at Lockhart on the morning of April 22d. Appellants did not go to Seguin, and the trial proceeded without them. Both of them are lawyers, but they contended that

---

they had made an arrangement with an attorney at Seguin to file the formal answer for them, and to notify them of the setting of the case at the next term in sufficient time to enable them to prepare, in conjunction with said attorney, their answer to the merits and make preparations for the trial. The attorney referred to by affidavit in the record denies that he was employed, and states that his acts in the premises were no more than acts of courtesy to brother lawyers. It appears that about May 1, 1919, appellants learned that the case had not been disposed of and that the trial had not been concluded. On May 16, 1919, they filed a lengthy motion, requesting permission to file an amended answer and introduce evidence thereon. This motion, however, was not presented to the court by them until May 24th, the last day of the term, and was then overruled. Appellants then objected to rendition of judgment on the last day of the term, relying upon rule 66 for the district courts (142 S. W. xxii).

The bill of exceptions relating to such objection, as qualified by the court, discloses that the argument was not finally concluded until on said May 24th, and that therefore the case was not submitted to the court until the last day of the term. It further shows that neither of the appellants was present or participated in the proceedings. The bill of exceptions shows that the objections were urged after the court had announced his intention of rendering judgment in the cause. The order overruling the motion for permission to file an amended answer and introduce evidence does not show at what stage of the proceedings such motion was presented, nor is there any bill of exceptions which makes such showing. So far as the record discloses, the motion may not have been presented until after the trial of the case had been concluded, and the court had announced his intention of rendering judgment. It does not appear that the court was informed what evidence was sought to be introduced, or that it could be introduced in time to finish the trial during the term. It appears from the record that prior to May 15th appellants were informed that it was necessary for them to represent themselves, and that they thereupon went to Seguin and prepared the motion filed May 16th, in which they fully recognized the fact that the trial had not been concluded. The record is silent concerning the reason for delaying the presenting of such motion until the last day of the term.

[1] The court was warranted in finding that appellants were negligent, not only in delaying the preparation of their case until the term convened, and relying upon securing a setting such as would enable them to prepare after court convened, but also in failing to attend court upon being notified that the case would be tried, and especially in not seeking to amend their pleadings and introduce their evidence until the last day of court. The record wholly fails to disclose any abuse of discretion on the part of the trial court in declining to permit the appellants to amend and introduce their evidence.

[2] There is no merit in the contention that error was committed in rendering judgment on the last day of the term for the record discloses that the trial was not concluded, and the case submitted to the court until on said last day, and therefore rule 66 does not apply.

The judgment is affirmed.